The opinion of the court was delivered by
Manning, O. J.
The plaintiff, in her individual capacity and as tutrix to her minor children, leased a plantation in Madison parish to the defendant for three years, commencing with 1876, the annual rental being five *185 thousand dollars, payable in three equal instalments on the 15th. of October, November, and December of each year. One of the stipulations of the lease was that a failure to pay any instalment of the price should operate its dissolution ipso facto. The defendant paid the October and November instalments of 1876, not at maturity but without long delay, and did not pay the December instalment. He continued in the possession and cultivation of the plantation.
On Sept. 17,1877, this suit was instituted wherein it is alleged that the December instalment of the previous year was unpaid, though long since due, and that the defendant is further indebted to the plaintiff in the sum of five thousand dollars for the rent of 1877, to become due in the three following months as above set forth, and after making the usual allegation under oath, prayed a writ of provisional seizure of all the property that was subject to the lessor’s privilege. The writ issued, the property was seized, and the defendant failing to bond, the plaintiff executed bond Oct. 20th. and took possession of the movables.
It appears that the plaintiff, in February 1877, had taken the defendant’s note for the unpaid December instalment of the previous year, which note was payable the following October, and this fact was unknown to her agent who had made the oath that such instalment was long since due. The note recited that it was given for this over-due instalment of rent. When this was discovered, a supplemental petition vyas filed Nov. 2d of same year, setting forth the error, making the correction, and producing the note, and praying judgment upon it.
The defendant moved to set aside the seizure on several grounds; 1. that McDowell, who had made the oath and obtained the writ, was not the agent of the plaintiff and had no authority or power to make the affidavit, 2. that the affidavit is insufficient in not stating whether the debt was or was not due, 3. that the affidavit was false in this, that the December instalment of 1876 was not over-due as alleged, a note having been taken for it as above recited, and that the defendant had not attempted to remove any portion of the crop from the premises, nor done or said anything which could produce a reasonable apprehension that he would do it, and therefore the plaintiff had not any reason to believe or fear that he would do it. An answer was also filed, setting up the illegality of the seizure, and praying that the lease be dissolved from the date of the seizure.
Afterwards, in January 1878, the defendant notified the plaintiff’s agent that he should continue to hold the place, and cultivate it, during 1878, whereupon the plaintiff sued out an injunction, forbidding the defendant from holding the plantation longer, or doing any act as lessee, and praying that the lease be dissolved. This suit was consolidated with the other, and upon trial of both, judgment was rendered for .the *186 sum claimed, less $280 deducted from the rent of 1877 because the court held that the lease was dissolved twenty-one days before the expiration of that year by the action of the plaintiff. The judgment then proceeded to dissolve the lease from January 4,1878, the date of the plaintiff’s petition praying such dissolution, and also set aside the provisional seizure. Both parties appealed.
It may be observed here, that since the judgment expressly dissolves the lease from and after January 4,1878, it does not appear consistent to allow a reduction of the rent for 1877 on the ground that the lease was dissolved twenty-one days before the expiration of 1877.
That McDowell was the accredited agent of the plaintiff is no longer disputed. That a lessor may obtain the writ of provisional seizure upon and for rents not due is indisputable. Code Prac. art. 287. The affidavit states explicitly that the defendant is indebted as charged in the sums specifically set out, and the charge of indebtedness mentioned the several maturities of the instalments, so that it appeared that the debt was not then due. This was equivalent to saying the debt was not due, though not stated in ipsissimis verbis, which was not essential. The only remaining ground of the motion to set aside the provisional seizure is the falsity of the affidavit.
The Reports are singularly meagre of authority, upon the question, whether evidence is admissible to disprove the affidavit-upon which the writ of provisional seizure is based. In Macarthy v. Lepaullard, 4 Rob. 425 a rule was taken to set aside the writ on the ground, among others, that the facts set forth in the affidavit were not true, and the lower court refused to admit any evidence in support of it, and on appeal this court said “ This evidence was refused, it appears, because offered for the purpose of supporting the grounds of the- sale, some of which belonged to the merits of the case, and others related to the verity of the allegations in the oath, which no law authorizes the defendant to disprove. We are not satisfied that the judge erred.” The plaintiff’s counsel cite this case as conclusive, under the idea that the words ‘ which no law authorizes the defendant to disprove’ is the laAguage of this court, and is the authoritative statement of a legal principle. A critical examination of the opinion will shew that this is an error. It is really a statement of the ground upon which the lower judge based his refusal to hear the evidence, for immediately following this court, speaking for itself, adds — ‘we are not satisfied that the judge erred’— and gives as reason, that there was nothing very explicit or precise in the grounds assumed, and it is difficult to separate the grounds for setting aside the provisional seizure from the general merits of the defence to the action.
The only other case is Salter v. Duggan, 4 Annual, 280, where the *187 court say that the rule taken to set aside the writ (on the same ground of falsity as here) and the testimony adduced, did not go to the main action, but simply to the plaintiff’s right to a conservative process by which he desired to protect an alleged accessary of his claim, and considering the severe nature of the proceeding, it was held proper to relieve the defendant from the seizure, where the apprehension of the plaintiff is clearly proven to be mistaken or unfounded. So that neither case expressly decides the point, though the last does by implication, since the clear proof must be assumed to have been admissible.
We think proof is admissible to shew that the affidavit, upon which a writ of provisional seizure is based, is false, when offered upon trial of a rule or motion to set aside the writ, and it was confined to that in Salter v. Duggan. The process is sharp and sévere, and the party whorésorts to it may be required to prove reasonable grounds of his apprehensions, which may be acts or omissions of the lessee, or of his subtenants, as* in this case.
Primarily the plaintiff or lessor has only to make the oath required, by the Code of Practice to obtain the writ of provisional seizure. The lessee may offer proof to shew the falsity of this oath, and then and not till then is the lessor required to fortify his oath by proof of its truth. The terms of this lease as to payment had at no 'time been complied with. No payment had been made at the maturity of the instalments, and the third payment of the first year was not made at all. It may be said the plaintiff had condoned this by taking a note, but the fact remained as a circumstance to excite apprehension for the future. One of the sub-tenants had taken some cotton off the place, and the plaintiff’s agent was informed that cotton was being removed by others at night. Without recapitulating the evidence, it is sufficient to say that the plaintiff’s agent had reasonable ground for his apprehensions. The facts or acts which constitute reasonable ground in such cases are not required to be so complete and convincing as are necessary to support a conviction on a criminal charge. They need only be sufficient to rebut, any presumption of malice or wantonness in suing out the writ.
The defendant contends that he should not be held liable for any part of the rent for 1877 — that his contract was for the possession of the plantation the entire year, and was not susceptible of division, and as the seizure was made before the end of the year, he should pay no portion of the rent. The seizure was of the movables, and as to his possession of the land, he claimed in January 1878 that he had a right to continue its possession and cultivation even during that year, and was only prevented by the plaintiff’s injunction from effecting his purpose to retain it.
*188 The judgment of the lower court is in part erroneous. Therefore
It is ordered, adjudged, and decreed that the judgment of the lower court setting aside the writ of provisional seizure is avoided and reversed, and that said writ is maintained. It is further decreed that • the judgment on the moneyed demand be amended by striking out the allowance of two hundred and eighty dollars as a credit on or deduction from the sum sued on, and with this alteration and amendment that the judgment of the lower court is affirmed, the defendant paying costs of both courts.